**Samuel SALTZMAN et al., Plaintiffs,**

v.

**Lowell M. BIRRELL et al., Defendants.**

United States District Court
S. D. New York.
Nov. 22, 1957.

Pomerantz, Levy & Haudek, New York City, Julius Levy, New York City, of counsel, for plaintiffs.

Leo B. Mittelman, New York City, for defendant Lowell M. Birrell.

DAWSON, District Judge.

This is a motion to open the default of the defendant Lowell M. Birrell and to set aside judgment heretofore entered against him, and to vacate the order entered by this Court striking out the pleading of the defendant Birrell.

The papers show that on September 17, 1957, a motion was brought before this Court to strike out the answer of Lowell M. Birrell and to enter a judgment of default against this defendant on the ground that the defendant wilfully failed to appear for the taking of his deposition. On the return day of this motion neither the defendant nor any attorney on his behalf appeared in opposition to the motion. After consideration of the motion papers the Court entered the following memorandum decision: "Motion granted. No attorney appeared in opposition. The papers fully justify the relief sought." Judgment was entered on September 18, 1957. Thereafter, on September 25, 1957, the order and judgment was resettled to provide that the defendant Birrell's pleading be stricken and that the action be severed as to defendant Birrell.

The papers establish without substantial contradiction that this is a minority stockholders' action against the defendant Birrell and others; that the defendant Birrell is himself an attorney; that in this action notice was duly served to

take the defendant Birrell's deposition on February 15, 1957. Thereafter, at the request of Birrell, the deposition was adjourned from time to time and finally until May 10, 1957. There appears in the file of this Court a stipulation entered into between counsel for plaintiffs and Glickman & Levinkind, attorneys for Lowell M. Birrell et al., which was "so ordered" by the Court on May 2, 1957, fixing the date for the taking of the deposition of defendant Birrell to be May 10, 1957, at 2:00 p. m. On May 10, 1957, defendant Birrell failed to appear, after having made no prior request for any additional adjournment. The date for the taking of the deposition was not one merely agreed to between counsel but one which was approved and ordered by the Court.

Since defendant Birrell did not appear on May 10, 1957, the date fixed for the taking of his deposition, attorneys for the plaintiffs, rather than taking a snap default, requested Mr. Glickman, who was apparently acting as attorney for Mr. Birrell, to fix a new date. After conferences with Mr. Glickman the deposition was adjourned to August 20, 1957. An affidavit submitted on this motion has attached to it a copy of a letter from Mr. Glickman to Mr. Birrell, dated August 14, 1957, advising Mr. Birrell that the deposition had been adjourned to August 20, 1957. On August 20, 1957, defendant Birrell did not appear for the taking of the deposition, nor had he made any request for any additional adjournment. Mr. Glickman apparently advised the attorneys for plaintiffs that he could not fix any date for Mr. Birrell's appearance.

Since the defendant Birrell had simply ignored the date fixed for the taking of his deposition, and did not appear or make any application for an adjournment of it, the attorneys for plaintiffs brought on the motion to strike out his answer and to enter judgment by default. An affidavit submitted on this motion shows that on September 6, 1957, Mr. Glickman wrote to Birrell advising

him that such a motion would be made and asking the following question:

"When do you plan to come to New York City so that I can arrange for a date to complete this examination? Otherwise I will have no defense to the motion."

Mr. Glickman testified on deposition that he received no answer to this letter. On the return day of the motion a default was entered and no objection was made to the application to strike out the answer and to enter a default judgment.

Now, at this late date, the defendant seeks to set aside this order and to open the default. The defendant does this on the ground that he had no notice, until after the default and entry of judgment, that plaintiffs had moved to strike his answer. This seems to be inconsistent with the papers on file in connection with this matter. The defendant contends that at the outset of the suit his attorneys of record were Birrell & Larson, a firm consisting of the defendant and Theodore E. Larson; that this firm was dissolved on April 1, 1957 and that thereafter the defendant appeared *pro se*. There is no stipulation of substitution in the files of this Court indicating that the defendant was appearing *pro se*. The affidavit of defendant Birrell indicates that Mr. Glickman had acted for him on various occasions in the process of the litigation. The affidavit states:

"* * * whenever plaintiff's counsel discussed the various adjournments aforementioned, they did it through the offices of Mr. Glickman, the attorney for defendant, Greater New York Industries, Inc."

It then states:

"* * * Whereas in all other instances plaintiffs' attorneys had communicated with Mr. Glickman with respect to adjournment and appearances of deponent for the purposes of examination, on this occasion they did not, although they knew that the firm of Birrell and Larson no longer

**540**

existed and no longer represented the deponent. * * *"

The deposition of Mr. Glickman on file in this matter shows that he did communicate with Mr. Birrell and advise him of the adjourned date of the deposition, and that he also communicated with him by letter and told him that a motion had been made to strike out the answer for his failure to appear; and furthermore shows that defendant Birrell ignored this letter and did not communicate with Mr. Glickman with respect thereto.

Defendant Birrell urges in his supporting affidavit that "[T]he default suffered by deponent arises from the fact that he had no notice of plaintiffs motion." The Court finds that this statement is unworthy of belief. The notice of motion to strike out the answer and for judgment by default shows on its face that it was served by mail on defendant Birrell by sending a copy thereof by mail to Birrell & Larson, 545 Fifth Avenue, New York, N. Y. That such a firm was in existence is indicated by the fact that its listing still appears in the Manhattan Telephone Directory for 1957–1958 at this address and that defendant Birrell is listed in this telephone book as having an office at that address. It may be assumed that if this firm had been dissolved or had moved that arrangements would have been made by the defendant Birrell for the forwarding of mail addressed to him at that office. Furthermore, the deposition of Abraham N. Glickman shows that on September 6, 1957, this attorney wrote to Mr. Birrell at Doeskin Products, Inc., 41 East 42nd Street, New York City, advising him that a motion was to be made by the attorney for the plaintiffs to "strike out your answer in the above action for the reason that you failed to appear on the adjourned date for completion of the examination before trial," and in which the attorney asks the defendant Birrell, "When do you plan to come to New York City so that I can arrange for a date to complete this examination. Otherwise I will have no defense to the motion."

The facts conclusively establish that defendant Birrell wilfully ignored the processes of the Court, failed to appear for the taking of his deposition at a time set, and failed to oppose a motion for the entry of a default judgment. The affidavit submitted on his behalf shows that he has now gone to Cuba and that he has never appeared for the completion of his deposition.

This is not the only occasion upon which Birrell has wilfully disregarded the processes of the Court. The records of this Court show that Mr. Birrell has been charged with criminal contempt for failure to appear as a material witness in the case of Securities and Exchange Commission v. Swan-Finch Oil Corp., and that a warrant for his arrest has been issued by Judge Sugarman.

Mr. Birrell has made no offer to appear in New York for the taking of his deposition. He has, however, in papers submitted on this motion, urged that the deposition be taken in Cuba, at his expense. The attorneys for plaintiffs have very properly pointed out that this would be impractical because of the large number of attorneys involved in this action and because of the fact that it will be necessary to confront Mr. Birrell with certain documents which are in New York and which could not be subpoenaed to Cuba.

Under the circumstances the motion of the defendant Birrell is denied. However, the Court recognizes that it is undesirable to dispose of litigation on a mere default in appearance by one of the parties if some other procedure can be adopted. The Court, therefore, will be ready to reconsider its determination and to open the default upon proof that the defendant Birrell has appeared at this courthouse in New York, N. Y., for the taking of his deposition on or before December 10, 1957, and that his deposition has been taken and completed. The date to be fixed for the taking of the deposition could be determined between counsel.

So ordered.